Davis *v.* Bond and Another.

Where the contracts concerning which matters of difference submitted to arbitrators arose, did not waive relief from the appraisement law, but a clause in the arbitration bond provided that the award might be made a rule of Court, and judgment entered without relief; *held*, that, under the statute of 1843, judgment was properly so rendered.

APPEAL from the *Laporte* Circuit Court.

*Saturday, December* 24.

Hanna, J.—In this case, the matters of difference were submitted to the arbitration of persons mutually chosen. Bonds were executed, an award made, returned to Court, proved, and a rule entered that the appellant show cause, &c.

The appellant did not appear. There was judgment upon the award, after which there was an appearance by counsel, and an appeal prayed.

The appellant makes two points, both arising upon the judgment—

1. That a judgment was rendered in favor of both appellees, for a sum found in favor of one.

2. That the judgment is without relief, &c.

The contracts and agreements, concerning which the matters of difference submitted to arbitration arose, did not waive relief from valuation, &c.; but there was a clause in the arbitration bonds which provided that the award might be made a rule of Court, &c., and judgment entered without relief from valuation laws.

It is insisted that the statute of 1843 does not authorize a waiver of the right to have property valued, &c., in instruments of this character. That statute is, that "from and after the first day of *June* next, if any person or persons, for a consideration arising wholly after that time, shall agree in writing to pay any sum of money, without any relief whatever from valuation or appraisement laws, judgment shall be rendered accordingly," &c. Acts of 1843, p. 52.

We are of opinion that the objection is not well taken. It is true, at the time the agreement was made, the sum to

be paid was not ascertained and fixed; but by that agreement, the matter was referred to certain persons, that the amount to be thus paid might be ascertained. The statute does not say that agreements to thus pay shall be binding only as to fixed or certain sums, but is as to agreements to pay any sum, and we think properly includes this agreement.

As to the other error assigned, whether the objection was well taken or not, we need not decide, as the record has, since the said assignment, been, upon *certiorari*, so corrected as to show that the finding corresponds with the judgment.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

*J. B. Niles* and *A. L. Osborn*, for the appellant.